UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA KING,

    Plaintiff,                      Civil Action No. 16-13580
                                         Honorable Sean F. Cox
v.                                   Magistrate Judge Elizabeth A. Stafford

BANK OF AMERICA, N.A, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT HCG AND JCG'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [ECF NO. 8]**

**I.    INTRODUCTION**

Plaintiff Sheila King filed this action in state court against Bank of America, N.A., (BANA), Hestia Capital Group, LLC, (HCG), and Janus Capital Group, LLC, (JCG), seeking a stay of the non-judicial sale of her foreclosed property, a cancellation of the resulting sheriff's deed, and various other claims relating to the foreclosure of her property; King removed the action to this Court. [ECF No. 1]. Before the Court is defendants HCG and JCG's motion for judgment on the pleadings or, alternatively, for summary judgment. [ECF No. 8].[1] For the following

---

[1] All dispositive matters have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 12].

reasons, the Court **RECOMMENDS** that defendants' motion be **GRANTED**, and that King's remaining claims be **DISMISSED SUA SPONTE**.

## II. BACKGROUND

King's complaint is almost entirely bare of factual background, as it jumps instantly from identifying the parties to outlining her causes of action, which are supported by unadorned legal conclusions. [ECF No. 1, PageID 8-14]. She alleges that a non-judicial foreclosure sale was held on July 30, 2016, and that a sheriff's deed granting an interest in the underlying property to HCG and JCG, while appearing valid, is in fact "invalid, and of no force and effect." [*Id.*, PageID 9]. She also alleges that the defendants do not hold the promissory note to the mortgage. [*Id.*, PageID 10].

In their motion, HCG and JCG state that King entered into a mortgage agreement in November 1992 with non-party Countrywide Bank for a loan of $18,196.55 secured by a mortgage interest in the subject property, 3911 Wellington St., Inkster, MI. [ECF No. 8, PageID 55-56]. They assert that after King became delinquent in the repayment of the loan, BANA (to whom the loan was transferred) properly initiated foreclosure proceedings; a sheriff's deed on mortgage sales shows that BANA was the highest bidder at a sheriff's sale that was held on July 30, 2015. [*Id.*, PageID 57, citing PageID 69]. They contend that King failed to redeem the

property or successfully challenge the foreclosure during the six-month redemption period following the sale, as prescribed by M.C.L. § 600.3240(8), causing her to lose all "legal right, title, and interest in the subject property." [*Id.*, PageID 57].

In May 2016, after expiration of the redemption period, BANA deeded the property to HCG. [*Id.*, PageID 75]. Shortly thereafter, King filed for bankruptcy, but in September the bankruptcy court granted HCG's motion for relief from the automatic stay and allowed them to "take any and all steps necessary and allowed by law to dispossess" King from the subject property. [*Id.*, PageID 77]. King then filed this suit, and removed it to federal court on October 6, 2016. [ECF No. 1, PageID 1-2].

### III. ANALYSIS

#### A. Standard of Review

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standards applicable to a motion to dismiss pursuant to Rule 12(b)(6). *See Lindsay v. Yates*, 498 F.3d 434, 437 n. 5 (6th Cir. 2007) ("[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same[.]"). As such, the Court must determine whether King's claims are plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In considering the plausibility of the claims, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court must assess the facial sufficiency of the complaint, but may also consider public records. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). And while pleadings filed by pro se litigants are entitled to a more liberal reading, *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007), "[t]he leniency granted to pro se [litigants]...is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Such complaints must still plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

After the considering the facial plausibility of the complaint along with the cited public records, the Court recommends that HCG and JCG's motion for judgment on the pleadings be granted.

**B. Claims against HCG and JCG**

In her complaint, King appears to allege that none of the defendants were ever rightful owners of an interest in the subject property because

4

they did not possess the promissory note; that BANA failed to adhere to the Generally Accepted Accounting Principles (GAAP) of "matching" and "representational faithfulness"; that the underlying agreement lacked sufficient consideration; and that defendants bear the burden of proving a valid contract with a bona fide signature, and providing a true and original copy of the alleged agreement. [ECF No. 1, PageID 10-13].

These claims fail because "after the statutory redemption period has expired, courts may examine a plaintiff's effort to set aside the foreclosure sale only where such a plaintiff has made a clear showing of fraud, or irregularity that relates to the foreclosure procedure itself." *Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 497 (6th Cir. 2013) (citations and internal quotation marks omitted). HCG and JCG mistakenly frame the issue as one of standing, but King has standing under Article III and Michigan law. *Id.*, at 496-97. She nevertheless fails to state a claim, as the six-month redemption period under Section 600.3240(8) expired on February 2, 2016, and she did not file her complaint until months later.

To the extent that King intended to allege a claim of fraud or irregularity related to the foreclosure procedure, she must satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), which requires that she "state with particularity the circumstances

constituting fraud or mistake." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003).  To satisfy the particularity requirement, the Sixth Circuit requires that the complaint: (1) specify the time, place, and content of the statements that plaintiff contends were fraudulent; (2) identify the speaker; (3) explain why the statements were fraudulent; (4) allege the fraudulent scheme and intent of the defendants; and (5) allege the injury resulting from the fraud.  *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008); *Yuhasz*, 341 F.3d at 563.  King has failed to meet any of these requirements except the one pertaining to injury, so she has not made a clear showing of fraud as necessary to allow her action that was filed outside of the redemption period.

### C. King's Other Claims

A court must dismiss *sua sponte* a case filed by a plaintiff proceeding *in forma pauperis* when the complaint "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  For the same reasons outlined above, King fails to state a claim against BANA, so her claims against it should be dismissed.  And while King's complaint asserts that Fairmax Law, PLLC committed violations, she did not name that law firm or its attorneys as defendants.  The Court thus recommends *sua sponte* dismissal of King's remaining claims.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that defendants' motion for judgment on the pleadings or, in the alternative, summary judgment, [ECF No. 8], be **GRANTED**, and that King's remaining claims be **DISMISSED SUA SPONTE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 17, 2017

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 17, 2017.

>s/Marlena Williams
>MARLENA WILLIAMS
>Case Manager